Manuel A. Hostos y Bernard, Plaintiff and Appellant-Appellee, v. Francisco Larrazabal Rentería et ux., Defendants and Appellees-Appellants.

No. 5690. Argued March 17, 1932.—Decided July 19, 1933.

R. H. *Blondet* for appellant-appellee.   *Angel A. Vázquez* for appellees-appellants.

Mr. Justice Aldrey delivered the opinion of the Court.

Francisco Larrazabal instituted a mortgage foreclosure proceeding against Manuel A. Hostos y Bernard, for the recovery of a certain sum of money to secure which the latter, while residing in Bayamón, had given a mortgage on a house and lot located in that town. Said proceeding ended with the sale at auction of the mortgaged urban property and its award to the execution creditor, who took possession thereof and recorded the same in his name in the registry of property. Eight years afterward, Manuel A. Hostos y Bernard brought suit against Francisco Larrazabal and his wife, Joaquina Daubón, for the annulment of said foreclosure proceeding and of the sale of the property in satisfaction of his debt, and for the return of the house together with the rents and profits (*frutos*), and costs. He alleged the foregoing facts and that said mortgage foreclosure proceeding was fatally defective in that the defendant therein, Manuel A. Hostos y Bernard, was never personally served with the writ demanding payment or warned, as provided in article 171 of the Mortgage Law Regulations in force, by any officer of the District Court for the judicial district of San Juan, despite the fact that at the time the mortgage foreclosure proceeding was filed and the demand for payment issued, he lived in Bayamón and was in possession of the mortgaged property. The defendants opposed the action by demurring, answering, and setting up certain defenses. A trial was held, and the court rendered judgment for the defendant, but

several days later and on its own motion, it set aside its previous judgment; and four months afterwards, upon hearing the parties anew, it rendered another judgment whereby it sustained the complaint, without fruits or costs. The plaintiff appealed from that judgment in so far as it failed to award fruits and costs. The defendants filed a motion to set aside said judgment which the court denied by an order, and thereupon they appealed from that order and from the said judgment. The three appeals have been jointly prosecuted.

We shall deal first with the appeals of the defendants, for if any or both of them are sustained, it will be unnecessary to consider the plaintiff's appeal, inasmuch as if the complaint can not be upheld he is not entitled on any account to the fruits and costs he claims.

The essential question in this suit is covered by the assignment of error which reads as follows:

"The court erred in sustaining the complaint in so far as the return of the property is concerned, since there is no averment or evidence submitted by the plaintiff sufficient to hold as proved that the marshal failed to serve on Manuel A. Hostos Bernard the demand for payment in the mortgage foreclosure proceeding which has given rise to this action, and despite the fact that defendants alleged and proved by evidence *aliunde* that such demand for payment was served on Hostos by the marshal with all the requirements of law."

The marshal's return forming part of the foreclosure proceeding brought by Larrazabal, recites, with reference to the demand for payment on the defendant, as follows:

"MARSHAL'S RETURN OF PROCESS—SECOND DISTRICT—I HEREBY CERTIFY: That in compliance with the within writ to demand payment, on November 18, 1922, in Bayamón, P. R., I made demand upon Mr. Manuel A. Hostos Bernard, through his daughter Mrs. Rosalina Hostos de Montes, for him to pay to the plaintiff Mr. Francisco Larrazabal y Rentería, within the period of thirty days $1,000.00 (one thousand dollars) as principal; $50.00 (fifty dollars) as accrued and unpaid interest pertaining to the months ending on the 27th each of May and June, at the rate of 12 per cent per annum;

$21.60 (twenty-one dollars and sixty cents), as the fire insurance premium on the mortgaged property paid by the plaintiff; other interest to become due at the agreed rate from September 28, 1922, until the credit shall have been fully paid; and an additional credit of $300.00 (three hundred dollars), set aside for interest, costs, expenses, and attorney's fees; warning him that in default of such payment, the Hon. Court will proceed to issue a writ directing the undersigned marshal to sell at public auction the said mortgaged property and to pay to the plaintiff, out of the proceeds of such sale, the amounts herein specified. A true copy of this writ was delivered to the defendant. San Juan, P. R., November 18, 1922.—(Sgd.) Manuel Náter Girona, Marshal, District Court, Second District, by Martín Márquez, Deputy Marshal.

"And I further certify that on November 19, 1922, I again personally made demand upon the defendant in Bayamón, P. R., and the defendant stated to me that he had received through his daughter Rosalina the documents pertaining to this summons, and that he would attend to pay the amounts due within the thirty days.—San Juan, P. R., Manuel Náter Girona, Marshal, by Martín Márquez, Deputy Marshal.—(Internal revenue stamps, to the amount of $1.00, have been canceled.)"

Article 169 of the Mortgage Law Regulations enumerates the documents to be presented with the initial petition in the foreclosure proceeding, among which must be included a certificate issued by the registrar of property; article 170 provides that the judge shall examine the petition and the documents and if he shall hold that the requirements of the law have been complied with, he shall make an order summoning the persons who, according to the certificate of the registrar, are in possession of the mortgaged property; and article 171 says, in part, that when all of the property mortgaged is in the possession of one person only, according to the certificate of the registrar, the demand for payment shall be served on such person at his domicile, if he resides within the municipal district where any of such property is situated. In the instant case it was stated in the mortgage deed that Manuel A. Hostos y Bernard had his domicile at Bayamón, where the house, which was the object of the mortgage fore-

closure proceeding brought by Larrazabal against him, is located. That was the domicile alleged to be his at the time of the foreclosure, and therefore the demand for payment must be personally served on Manuel A. Hostos y Bernard; and from the marshal's return dated November 19, 1922, it appears that the latter personally demanded payment from him.

The mortgage debtor in the present action denies having been served with any demand for payment.

In many American jurisdictions a return of process made by a marshal in the discharge of his duties, is conclusive upon that officer and the parties to the proceeding in which it was issued, and parol evidence is not admissible to contradict it. In other jurisdictions there are statutes, such as section 1230 of our Revised Statutes of 1911, which provide that the return of the marshal upon process is prima facie evidence of the facts in such return stated. Therefore, evidence may be adduced to contradict it.

Regarding the evidence introduced by the parties, the lower court in its opinion which forms the basis of the judgment appealed from, says:

"On September 10, 1930, the trial of this case was held, and there were produced as evidence by the plaintiff a certified copy of the writ demanding payment which has already been transcribed in this opinion, and the testimony of the defendant, who denied having ever been served with the writ by the marshal in said foreclosure proceeding, and further says that the Mrs. Rosalina Hostos de Montes mentioned in said writ is his sister, not his daughter, as stated in said document.

"Mr. Márquez, the deputy marshal of the District Court of San Juan, who served said writ, testified for the defendant and stated that inasmuch as eight years had elapsed since the service of said writ he was unable to recall exactly the person of the defendant on whom he had served the demand, and upon Mr. Manuel A. Hostos Bernard being pointed out to him by the attorney for the plaintiff, the deputy marshal testified that that gentleman seemed to be the person he had served, but that he was not certain as to this in view

of the time elapsed between said service and the holding of the trial.

"The deputy marshal further testified that he had delivered to said defendant on November 19, 1922, a copy of all the proceedings in said mortgage foreclosure and that he had warned him that the mortgaged property would be sold at public auction if he failed to pay within the legal term the amounts claimed in the complaint.

"The plaintiff offered evidence in rebuttal consisting in the testimony of the witness Pedro A. Ortiz, who stated that on a certain occasion, at the office of Mr. Blondet, the attorney for the plaintiff, and in the presence of the witness, the deputy marshal Mr. Márquez told Mr. Blondet that the person on whom he had served the demand for payment in said foreclosure proceeding was the father of Manuel A. Hostos, plaintiff herein, that is, Mr. Manuel S. Hostos who was the person whom the deputy marshal knew."

The above statement is a true summary of the evidence to which it refers. Mr. Blondet, the attorney for the plaintiff, also testified to the same effect as the witness Ortiz.

Upon said evidence the lower court reached the following conclusion:

"From the evidence adduced and the manner in which the deputy marshal testified, it clearly appears that the defendant Manuel A. Hostos y Bernard was not served with the demand for payment, and that, due to the identity of the name of the defendant with that of his father, Manuel S. Hostos, the marshal, in making the service, served the father of the defendant in the foreclosure proceeding to which this action refers."

Thereupon the court rendered judgment annulling the foreclosure proceeding and ordering the defendants to restore to the plaintiff the ownership of the house involved.

We think that the evidence in this case is not sufficient to support the conclusion reached by the trial court. It is clearly insufficient to warrant the conclusion that the marshal had served the demand for payment on the father of Manuel A. Hostos Bernard and not on the latter. The circumstance that the deputy marshal should have failed to categorically state that the plaintiff herein was the person on

whom he served the demand for payment is not at all strange, for it might be supposed that after eight years he could not positively assert that said plaintiff was the identical person referred to in the return, although he resembled such person, it being a matter of frequent occurrence that a person who sees another only once cannot definitely assert, after many years, that he is the same person. Besides, as stated in 50 Corpus Juris 578, 579:

"In view of the evidentiary weight accorded to a return of process, and of the presumption in its favor, clear, unequivocal, and convincing evidence is required to negative the return and overcome its statements and recitals; and a mere preponderance of the evidence in favor of one contradicting a return is ordinarily insufficient. Proof beyond a doubt, however, is not necessary.

"In accordance with the rule requiring clear and convincing proof to overcome a return of process, it cannot be impeached by the unsupported testimony of the party upon whom service is stated by the officer to have been made, or of another single witness, even though the officer fails to recall the service; and the testimony of other defendants that they were not served is not effective or sufficient."

On our part, in a case similar to the present one, *Heirs of Ramírez* v. *Troche et al.*, 39 P.R.R. 357, we have said the following:

"Moreover, if it should be concluded that he committed perjury in his affidavit before the notary, his testimony would not be sufficient to destroy the presumption of truth attached to the return and there would be an absolute lack of evidence on the part of the plaintiffs as regards the fundamental principal of the complaint. From the foregoing we reach the conclusion that the trial court committed manifest error in finding that the plaintiffs proved the nullity of the summoning of Ramírez Cherena and therefore sustaining the complaint."

The judgment appealed from must be reversed and another rendered instead in favor of the defendant, without special imposition of costs.

498

Mr. Justice Hutchison dissented.

Mr. Justice Córdova Dávila took no part in the decision of this case.